Toufik **KEHILA**, Petitioner,

v.

Michael B. **MUKASEY**, Attorney General, Respondent.

No. 04–74069.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 12, 2008.

Filed Feb. 19, 2008.

Scott A. Sher, Wilson Sonsini Goodrich & Rosati, Palo Alto, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, Marianne A. Pansa, Esq., San Francisco, CA, Office of the U.S. Attorney, Fresno, CA, for Respondent.

Before: D.W. NELSON, KLEINFELD, and HAWKINS, Circuit Judges.

* This disposition is not appropriate for publication and is not precedent except as provided

MEMORANDUM *

Toufik Kehila, a native and citizen of Algeria, filed a Petition for Review alleging that the Immigration Judge's ("IJ") adverse credibility finding violated his due process rights, and challenging the denial of his asylum application.

We review claims of due process violations de novo. *Khup v. Ashcroft*, 376 F.3d 898, 902 (9th Cir.2004). We review an IJ's adverse credibility determination under the deferential substantial evidence standard, and will uphold such a finding unless the evidence compels a contrary result. *Tawadrus v. Ashcroft*, 364 F.3d 1099, 1102 (9th Cir.2004). We accord similar deference to the agency's determination that an individual has not established eligibility for asylum. *Njuguna v. Ashcroft*, 374 F.3d 765, 769 (9th Cir.2004).

A petitioner's due process rights are violated if he does not have a "reasonable opportunity to offer an explanation of any perceived inconsistencies that form the basis of a denial of asylum." *Campos–Sanchez v. INS*, 164 F.3d 448, 450 (9th Cir. 1999). Due process concerns are satisfied where an individual has "the opportunity to address the credibility question before the [Board of Immigration Appeals], in briefing and in argument." *Mendoza Manimbao v. Ashcroft*, 329 F.3d 655, 660 (9th Cir.2003). To prevail on a due process challenge, a petitioner must show that any violation of his rights likely had an impact on the outcome of removal proceedings. *Jacinto v. INS*, 208 F.3d 725, 728 (9th Cir.2000).

■ Kehila's due process argument is unavailing. At the removal hearing, the IJ stated on a number of occasions that he was concerned with the inconsistencies in

by 9th Cir. R. 36–3.

Kehila's testimony. Kehila was therefore properly on notice that his credibility was at issue. The IJ offered Kehila the opportunity to submit supplemental briefing if he felt any issues deserved additional treatment. Kehila declined.

Without question, after receiving an adverse credibility determination from the IJ, Kehila was fully on notice that credibility was an issue before his appeal to the Board of Immigration Appeals ("BIA"). Accordingly, Kehila had a full opportunity to address the concerns raised by the IJ's opinion in his appeal to the BIA. *See Pal v. INS*, 204 F.3d 935, 939 (9th Cir.2000) (finding no due process violation where an IJ's finding puts an alien on "ample notice" that his credibility was in question prior to argument before the BIA).

▮ Kehila also fails to demonstrate prejudice. Even if Kehila's testimony was given full credence, substantial evidence supports the finding that he does not qualify for asylum relief. *See INS v. Elias–Zacarias*, 502 U.S. 478, 481 n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992) (stating that, to reverse an IJ's determination that a petitioner is not entitled to asylum, the court must find that the evidence compels a contrary conclusion). In order to prevail on a claim for asylum, an applicant must demonstrate a well-founded fear of future persecution. *INS v. Cardoza–Fonseca*, 480 U.S. 421, 423, 107 S.Ct. 1207, 94 L.Ed.2d 434 (1987). A petitioner who submits sufficient evidence that he has suffered past persecution for his imputed political beliefs establishes a prima facie presumption of asylum eligibility. *Singh v. INS*, 94 F.3d 1353, 1360–61 (9th Cir. 1996). This presumption may be rebutted if changed country conditions show that the individual would no longer be the target of future persecution. *Garrovillas v. INS*, 156 F.3d 1010, 1017 (9th Cir.1998).

Kehila's claim that he has a reasonable fear of future persecution is undermined because he was able to live without incident in Algiers for two years and returned to Algeria after spending a month in France. *See Hakeem v. INS*, 273 F.3d 812, 816–17 (9th Cir.2001) (applicant's claim is "weakened, even undercut ... when the applicant has returned to the country without incident"). Kehila also failed to demonstrate past persecution. Any threats he received from his uncle were not "so menacing as to cause significant actual 'suffering or harm.'" *Lim v. INS*, 224 F.3d 929, 936 (9th Cir.2000) (quoting *Sangha v. INS*, 103 F.3d 1482, 1487 (9th Cir.1997)). The mistreatment he allegedly suffered at the hands of the government—a brief detention with some physical abuse—also did not necessarily rise to the level of persecution. *See Prasad v. INS*, 47 F.3d 336, 339 (9th Cir.1995) (holding petitioner did not demonstrate past persecution where the police detained him for a short time, hit him, and kicked him). Moreover, there is no evidence that the Algerian government "had any continuing interest" in Kehila, as he successfully served two years without incident in the Algerian military and was able to travel freely outside of the country. *See id.* Accordingly, substantial evidence supports the IJ's denial of Kehila's asylum application.

**PETITION DENIED.**